■ In the Matter of the Arbitration between HAROLD H. GREENWALD, Appellant, and WALDBURGER & Co., INC., Respondent.— Order, entered on April 4, 1966, on reargument vacating award of arbitrators unanimously reversed, on the law and the facts, and arbitration award confirmed, with $50 costs and disbursements to petitioner. Appeal from order entered on January 24, 1966, is dismissed, without costs or disbursements, such order being superseded by the order entered on April 4, 1966. Petitioner was employed by respondent pursuant to a written contract. The contract contained an arbitration clause embracing any controversy arising out of or in any way connected with the contract. The arbitrators were forbidden to vary or modify the terms of the agreement. Petitioner was the head of respondent's knitwear division. The contract gave respondent the right to cancel on seven days' written notice provided the average mark up in the knitwear division did not equal 22% as determined by respondent's regularly employed accountants, whose determination in that regard should be final. The arbitrators made an award in favor of petitioner. It is claimed that in so deciding the arbitrators exceeded their powers in view of the fact that respondent's regular accountants reported that the mark up in the department did not equal 22%. We do not agree with this contention. Among the powers of the arbitrators was to decide whether the accountants made such a determination. All that appears in the record is a short conclusory statement that there was no such mark up because the department showed a loss. It was well within the competence of the arbitrators to decide that this was not a determination based on the records of the department, as contemplated by the contract, but a mere conclusion by the accountants. Concur — Rabin, J. P., McNally, Steuer and Capozzoli, JJ.